IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LYNNE McCLURE, PATRICK )
McCLURE, and SHAWN McCLURE, )
)
    Plaintiffs, )
)
)
vs. ) CIVIL ACTION NO. SA-08-CA-112-FB
)
GREATER SAN ANTONIO )
TRANSPORTATION COMPANY d/b/a )
Yellow Checker Cab, and )
ABUBAKR HAMED, )
)
    Defendants. )

## ORDER ACCEPTING THIRD REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of the United States Magistrate Judge (docket no. 117) (sometimes referred to as the Third Report and Recommendation) addressing plaintiffs' motion for partial summary judgment on defendants' affirmative defenses, along with plaintiffs' objections (docket nos. 116 & 117) thereto, and defendants' responses (docket nos. 118 & 119) to plaintiffs' objections.

As discussed in the report, GSTC's first amended answer includes a section titled "Affirmative Defenses."[1] Within this section, GSTC asserts, in part, that if "Plaintiffs sustained any injuries or damages because of the occurrence made the basis of this lawsuit such were not proximately caused by any acts or omissions on the part of GSTC, but were the result of:" new, superseding, and intervening cause; unavoidable accident; sudden emergency; and act of God.[2]

---

[1] Docket no. 58 at 8.

[2] Id. at 9, ¶¶ 19.1, 20.1, 21.1, and 22.1.

GSTC also asserts the "amount of damages recovered by Plaintiffs, if any is subject to the percentage of Plaintiff Lynne McClure's proportionate responsibility"[3] and "Plaintiffs' claims are limited by the doctrine of estoppel."[4] Mr. Hamed's original answer also includes a section titled "Affirmative Defenses" and identifies affirmative defenses two and four through six as: new, superseding, and intervening cause; unavoidable accident; sudden emergency; and act of God.[5] Mr. Hamed's seventh affirmative defense, relevant to the McClures' claim of negligence per se, has three components: inability to comply after the exercise of reasonable diligence; the existence of an emergency not due to his own misconduct; and risk of compliance with caused a greater degree of risk of harm.[6] The McClures have moved for partial summary judgment, asserting there is no evidence to support any of these defenses.[7]

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989).

---

[3] Id. at 8, ¶ 16.1.

[4] Id. at 10, ¶ 27.1

[5] Docket no. 6 at 5, 6-7, at ¶¶ 15.1, 17.1, 18.1, and 19.1.

[6] Id. at 7, ¶¶ 20.1, 20.2, and 20.3.

[7] Docket no. 92 at 2-3.

In the report, the Magistrate Judge recommends the McClures' motion be granted on defendants' inferential defense claims of new, superseding, and intervening cause and act of God, as well as on Mr. Hamed's seventh affirmative defense of inability to comply after the exercise of reasonable diligence, existence of emergency, and risk of compliance greater than risk on harm, and these claims be dismissed. Defendants filed no objections to these recommendations. The Magistrate Judge also recommends the McClures' motion be denied as moot with respect to defendants' defenses of estoppel and Lynne McClure's negligence. This recommendation was made in response to defendants' withdrawal of their claims that plaintiffs' claims are barred by estoppel and that Lynne McClure's negligence proximately caused her injuries. Plaintiffs filed no objections to this recommendation. To this extent, the Court has reviewed the report and recommendation and finds it to be neither clearly erroneous nor contrary to law.

Any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge also found that defendants have raised a genuine issue of material fact that the accident was caused by a sudden emergency. The Magistrate Judge therefore recommends the McClures' motion for summary judgment on the inferential rebuttal defense of sudden emergency be denied. The Magistrate Judge further found that defendants have presented some evidence from which a reasonable person could find that Mr. Hamed was acting in a reasonably prudent manner under the circumstances at the time of the accident. Accordingly, the Magistrate

Judge recommends the McClures' motion for summary judgment on defendants' inferential rebuttal defense of unavoidable accident be denied. The McClures object to these recommendations.

The Court has thoroughly analyzed the parties' submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit.

## PROCEDURAL HISTORY

As set forth in the Report and Recommendation,[8] this case was initiated in the District Court on February 12, 2008, when plaintiffs Lynne McClure, Patrick McClure, and Shawn McClure (collectively, the "McClures" or "plaintiffs") filed their original complaint and demand for jury trial against defendants Greater San Antonio Transportation Company d/b/a Yellow Checker Cab ("GSTC," or at times "Yellow Checker Cab") and Abubakr Hamed ("Mr. Hamed") (collectively "defendants").[9] The original complaint concerns injuries Lynne McClure allegedly sustained during a motor vehicle accident that occurred on March 19, 2006, when she was a passenger in a Yellow Checker Cab driven by Mr. Hamed. Mr. Hamed filed his original answer on March 4, 2008,[10] and GSTC filed its original answer and demand for jury trial on March 14, 2008.[11]

---

[8] This discussion is taken from pages 2 through 6 of the Third Report and Recommendation (docket no. 112).

[9] Docket no. 1.

[10] Docket no. 6.

[11] Docket nos. 11 and 12.

This Court referred this case to the Magistrate Judge on July 1, 2008, for pretrial proceedings.[12] On July 2, 2008, the McClures filed and the undersigned granted a motion for leave to amend their original complaint.[13] The first amended complaint alleges defendants are common carriers "having a duty to exercise that high degree of care that a very cautious, competent, and prudent person would use for the safety of its passengers, like Dr. Lynne McClure."[14] The amended complaint asserts GSTC is estopped by contract from denying its status as a common carrier.[15] In addition, against Mr. Hamed, the amended complaint alleges claims for negligence and negligence per se, in sum, for the manner in which he drove and handled the taxicab at the time of the accident and for failure to comply with certain provisions of the Texas Transportation Code.[16] Against GSTC, the amended complaint alleges, in sum, claims for: negligent maintenance of the taxicab; negligent entrustment; "negligent hiring, retaining, recommending, sponsoring, and promoting Defendant Hamed;" vicarious liability under the theories of respondeat superior–employee, branded vehicle doctrine, joint enterprise, agency, respondeat superior–nonemployee, and non-delegable duty of common carrier; and spoliation of evidence.[17] As relief, the McClures are seeking damages for: (1) Lynne McClure – medical expenses of $850,000.00 in the past and $4,000,000.00 in the future as well as physical pain, mental anguish, impairment, and disfigurement, all past and future; (2)

---

[12] Docket no. 40.

[13] Docket no. 41 and 42.

[14] Docket no. 43 at 4.

[15] Id. at 4-7.

[16] Id. at 7-8.

[17] Id. at 8-14

Patrick McClure – loss of spousal consortium and loss of household services, both past and future; and (3) Shawn McClure – loss of parental consortium, past and future.[18]

The docket in this case reflects that on June 6, 2008, Mr. Hamed filed a motion for leave to designate responsible third parties,[19] and GSTC subsequently filed a similar motion.[20] After responses and replies were filed to each motion,[21] the undersigned granted leave to designate Daimler-Chrysler Corporation, Williams Brothers Construction, Inc., the Texas Department of Transportation, T.D.A., Inc. and Jesus Guillen as responsible third-parties.[22]

On June 13, 2008, the McClures filed a motion for partial summary judgment and brief in support on the issue of defendants' status and duty as common carriers.[23] GSTC filed its response to the McClures' motion for partial summary judgment on June 23, 2008,[24] as well as its own motion for partial summary judgment.[25] On June 25, 2008, Mr. Hamed filed his response to the McClures' motion for partial summary judgment, and the McClures filed a reply in support of their motion, addressing GSTC's response.[26] The McClures filed their response to GSTC's motion for partial

---

[18] Id. at 15.

[19] Docket nos. 23 and 28.

[20] Docket no. 39 (filed Jun. 24, 2008).

[21] Docket nos. 30, 33, 45.

[22] Docket nos. 48 and 49 (Jul. 10, 2008) and docket no. 50 (Jul. 14, 2008).

[23] Docket no. 29.

[24] Docket no. 34.

[25] Docket no. 35. GSTC's motion for partial summary judgment was addressed in a separate First Report and Recommendation issued the same day.

[26] Docket nos. 37 and 38.

summary judgment on July 7, 2008.[27] GSTC filed a reply in support of its motion for partial summary judgment on July 15, 2008,[28] and its first amended answer on July 23, 2008.[29]

On August 7, 2008, after leave was granted,[30] GSTC filed a sur-reply to the McClures' motion for partial summary judgment.[31] The same day, at the Court's request, GSTC filed Tab D, which had inadvertently been omitted from the exhibits attached to its response to the McClures' motion for partial summary judgment.[32] On August 13, 2008, the McClures filed separately a supplement to their response in opposition to GSTC's motion for partial summary judgment and a response to GSTC's sur-reply to plaintiff's motion for partial summary judgment.[33] On August 21, 2008, GSTC filed a supplemental reply to the McClures' supplemental response.[34]

The Magistrate Judge issued separate reports on September 25, 2008, recommending the disposition of the pending motions for partial summary judgment.[35] Specifically, the Magistrate Judge recommended the McClures' motion for partial summary judgment be "GRANTED on defendants' status as common carriers and the duty both GSTC and Mr. Hamed owed to Lynn

---

[27] Docket no. 44.

[28] Docket no. 53.

[29] Docket no. 58.

[30] Docket no. 63.

[31] Docket no. 64.

[32] Docket no. 62.

[33] Docket nos. 69 and 70.

[34] Docket no. 74.

[35] Docket nos. 88 and 89.

7

McClure."[36] The Magistrate Judge recommended GSTC's motion be:

> GRANTED on the McClures' claims for vicarious liability under the theory of joint enterprise; negligent maintenance of the taxicab's tread depth and air pressure; negligent training and supervision; negligent entrustment; and negligent hiring and retention and these claims be DISMISSED; and DENIED on the McClures' claims of vicarious liability under the theories of respondeat superior–employee, respondeat superior–nonemployee, agency, and branded vehicle doctrine.[37]

The Magistrate Judge explained:

> In the event the District Court accepts this report and the recommendations in the companion report issued this date on the McClures' motion for partial summary judgment, all claims against Mr. Hamed as well as the claims against GSTC for vicarious liability under the theories of respondeat superior–employee, respondeat superior–nonemployee, agency, and branded vehicle doctrine would remain pending for further disposition.[38]

The reports, over the objections filed by the McClures and GSTC, were accepted by separate orders issued by this District Court this same date.

On October 3, 2008, the McClures filed a motion for partial summary judgment on defendants' affirmative defenses.[39] Defendants each filed responses to the motion and the McClures filed a reply.[40]

## FACTUAL BACKGROUND

As discussed by the Magistrate Judge,[41] the following facts are uncontested, unless otherwise stated, and are set forth to provide a context for the McClures' motion for partial summary

---

[36] Docket no. 88 at 30.

[37] Docket no. 89 at 53.

[38] Id.

[39] Docket no. 92.

[40] Docket nos. 101, 103, 107.

[41] This discussion is taken from pages 6 though of the Third Report and Recommendation (docket no. 112).

8

judgment.[42] The facts are derived from: the McClures' first amended complaint;[43] Mr. Hamed's answer[44] and GSTC's first amended answer, to the extent the McClures' allegations are not denied;[45] the McClures' statement of uncontested facts as set forth in their motion for partial summary judgment;[46] exhibits attached to GSTC's summary judgment response;[47] and GSTC's statement of uncontested facts as set forth in its motion for partial summary judgment.[48] Other facts, disputed and undisputed, are set forth and discussed in the analysis of the merits of the motion in subsequent sections of this Order.

Lynne, Patrick, and Shawn McClure are citizens and residents of Arizona.[49] GSTC is a Texas corporation[50] and Mr. Hamed is a resident alien residing and domiciled in San Antonio, Texas (at times, the "City").[51]

GSTC owns a fleet of taxicabs and entered into a "Taxicab Operating Permit Agreement" with the City "to conduct a public transportation service through the use of 513 taxicabs."[52] On

---

[42] Docket no. 29.

[43] Docket no. 43.

[44] Docket no. 6.

[45] Docket no. 58.

[46] Docket no. 29 at 3-5.

[47] Docket no. 34.

[48] Docket no. 35 at 2-4.

[49] Docket no. 43 at 1, ¶ 1.1.

[50] Docket no. 58 at 1, ¶ 1.2.

[51] Docket no. 6 at 1, ¶ 1.3.

[52] Docket no. 58 at 2, ¶ 5.2.

March 7, 2006, Mr. Hamed obtained a temporary permit from the City to operate a vehicle for hire for "Yellow/Checker."[53] The same day, Mr. Hamed entered into an agreement with GSTC to operate a taxicab.[54]

On March 19, 2006, Lynne McClure was a passenger in a taxicab owned by GSTC and operated by Mr. Hamed.[55] As Mr. Hamed was driving on Highway 281 in a construction area, the taxicab was involved in a motor vehicle accident.[56] Plaintiffs allege that "[a]s a result of this violent collision, Plaintiff Lynne McClure suffered serious and permanent injuries including but not limited to a traumatic brain injury and multiple fractures[.]"[57]

## THE ARGUMENTS OF THE PARTIES, FINDINGS OF THE MAGISTRATE JUDGE, AND PLAINTIFFS' OBJECTIONS

As noted above, the Magistrate Judge considered whether the McClures are entitled to partial summary judgment on defendants' defenses. Relevant to this proceeding, the report recommends the motion be denied with respect to defendants' inferential rebuttal defense claims of unavoidable accident and sudden emergency.

A. Unavoidable Accident

The McClures argued "there is no evidence that a physical or environmental condition other than those well known to Defendant Hamed could have played any part in the collision."[58] Plaintiffs

---

[53] Docket no. 29, exhibit 3; docket no. 35 at 2-3.

[54] Docket no. 34, tab A; docket no. 35, exhibit 2 at agreement.

[55] Docket no. 43 at 3, ¶ 4.1; docket no. 6 at 2, ¶ 4.1; docket no. 58 at 2, ¶ 4.1.

[56] Id.

[57] Docket no. 43 at 3, ¶ 4.1.

[58] Docket no. 92 at 16.

contended the road conditions at the time of the accident "may be relevant to the question of Mr. Hamed's negligence, but it is not evidence of an unavoidable accident."[59] Because defendants have no evidence to support the elements of unavoidable accident, the McClures contended they are entitled to summary judgment.[60]

In response, defendants argued that whether Mr. Hamed was negligent is disputed, and an instruction on unavoidable accident is proper "when there is evidence that the event was proximately caused by a nonhuman condition as opposed to the negligence of any party to the event."[61] Defendants asserted their evidence shows "the accident could have occurred despite Hamed's or any other party's exercise of ordinary care."[62] Defendants argued, in sum, that Mr. Hamed's knowledge of the wet road conditions is not relevant to whether the accident was unavoidable.[63]

The McClures replied that contrary to defendants' arguments, the instruction on "unavoidable accident is only proper 'if there is evidence that the occurrence was caused by unforeseeable nonhuman conditions.'"[64] The McClures contended it would be improper to instruct on unavoidable accident because it is "undisputed that Mr. Hamed was well aware that it had been

---

[59] Id.

[60] Id.

[61] Docket no. 101 at 4-5.

[62] Id. at 5.

[63] Id.

[64] Docket no. 107 at 4 (quoting COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES, General Negligence & Intentional Personal Torts, PJC 3.4 (2006) (emphasis in original).

11

raining for several hours, that the roads were wet, that the roads were slick, and that he needed to be more cautious driving on the wet roadway."[65]

The Magistrate Judge noted the Texas Supreme Court has expressed some reservations regarding the propriety of instructing the jury on unavoidable accident.[66] Nevertheless, as discussed in the report, the Texas court has quoted the definition provided in the Texas Pattern Jury Charges that an "unavoidable accident" is an "event not proximately caused by the negligence of any party" to the accident.[67] The Texas court has explained that "[t]he instruction is most often used to inquire about the causal effect of some physical condition or circumstance such as fog, snow, sleet, wet or slick pavement, or obstruction of view, or to resolve a case involving a very young child who is legally incapable of negligence."[68] Such instruction "is proper only when there is evidence that the event was proximately caused by a nonhuman condition and not by the negligence of any party to the event."[69] "An 'unavoidable accident' is one that ordinary care and diligence could not have prevented, or one which could not have been foreseen or prevented by the exercise of reasonable precautions."[70] Additionally, the Magistrate Judge pointed out, a review of Texas cases shows the

---

[65] Id.

[66] See Kirkham v. Westway Express, Inc., 207 F.3d 659, 2000 WL 122522, at *1 (5th Cir. Jan. 14, 2000) (unpublished opinion) (citing Reinhart v. Young, 906 S.Ct. 471, 473 (Tex. 1995)). Pursuant to 5th Circuit Rule 47.5, Kirkham is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[67] Dillard, 157 S.W.3d at 432 n. 2 (quoting COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES, General Negligence & Intentional Personal Torts, PJC 3.4 (2006)); see also Reinhart, 906 S.Ct. at 472; Hill v. Winn Dixie Tex., Inc., 849 S.W.2d 802, 803 (Tex. 1992).

[68] Reinhart, 906 S.Ct. at 472 and Hill, 849 S.W.2d at 803 as cited in Kirkham, 2000 WL 122522 at * 1.

[69] Hill, 849 S.W.2d at 803.

[70] Otis Elevator Co. v. Shows, 822 S.W.2d 59, 62, 63 (Tex. App.–Houston [1st Dist.] 1991, writ denied) (emphasis in original) (holding that because evidence showed potential for "child, or some other person, putting his/her hand in the handrail guard was anticipated and foreseen," and evidence showed "guard had been altered, and its sponge-rubber composition was so old that the safety device did not prevent the accident as it was designed to do," appellant,

12

courts are split on the significance foreseeability has on determining whether it would be proper to include a jury instruction on unavoidable accident.[71] As set forth in the report, some cases indicate that if a dangerous condition was foreseeable or known, then a court errs by instructing on

---

who held maintenance contract on escalator, was not entitled to instruction on unavoidable accident); see Tanner v. Karnavas, 86 S.W.3d 737, 741 (Tex. App.–Dallas 2002, pet. denied) (finding unavoidable accident instruction was not erroneous because evidence showing "it had rained the day of the accident and the roads were wet where and when the accident occurred[;] Karnavas had driven his vehicle on the wet streets earlier that day without incident[;] Karnavas was not driving at an excessive speed, began braking at a normal distance, and applied normal pressure to the brakes[; and] [t]he truck started to skid[,] . . . [was] some evidence that the accident was proximately caused by a non human condition, the wet streets, and not by the negligence of Karnavas" and holding that "jury could have concluded Karnavas took reasonable actions knowing the roads were wet and, despite his care, the wet streets proximately caused the accident"); Friday v. Spears, 975 S.W.2d 699, 702 (Tex. App.–Texarkana 1998, no pet.) ("[T]he jury could have found from the evidence presented that Spears foresaw the condition of the slick, wet pavement and that Spears took the appropriate actions, i.e., slowing her speed and maintaining a proper distance between her car and the car in from of her. Because the jury could have concluded that Spears acted as a reasonably prudent person under the circumstances, foreseeability of the road conditions did not negate the propriety of the unavoidable accident instruction."); Jordan v. Walker, 448 S.W.2d 837, 840-41, 842 (Tex. App–Houston [14th Dist.] 1969, writ ref'd n.r.e.) (holding trial court did not err in refusing to submit unavoidable accident instruction and explaining "[t]here was nothing of an unusual nature to make the street slicker than it normally would be when it was wet," "[i]t had been raining lightly for some time before the accident," defendant testified she had driven to and from point about 20 miles from accident, and defendant failed to keep lookout and apply her brakes as would have "a person of ordinary care, under the same or similar circumstances"); Blasberg v. Cockerell, 254 S.W.2d 1012, 1015 (Tex. App.–Amarillo 1952, writ ref'd n.r.e.) ("The issue of unavoidable accident was raised by the foregoing evidence. The rain, the slick pavement, appellant's momentary loss of control of his car due to skidding raise the issue of whether the accident resulted proximately from facts and circumstances independent of any negligence on the part of either party."); see also Kirkham, 2000 WL 122522 at * 1 (affirming district court's inclusion of unavoidable accident instruction in case involving accident during winter storm and quoting Friday, 975 S.W.2d at 702 in explaining that "[e]ven if hazardous driving conditions were reasonably foreseeable, the jury was still free to conclude that the defendants' drivers 'acted as reasonably prudent persons under the circumstances, [so the] foreseeability of the road conditions did not negate the propriety of the unavoidable accident instruction'"); McWilliams v. Masterson, 112 S.W.3d 314, 318 (Tex. App.–Amarillo 2003, pet. denied)("[O]ur task at hand is to . . . 'ascertain whether or not there is presented a theory under with the accident could have happened, notwithstanding [that] all the parties to the transaction . . . exercised the degree of care required by law." (citation omitted)). But see Sherwin-Williams Paint Co. v. Card, 449 S.W.2d 317, 322 (Tex. App.–San Antonio 1970, no writ) (holding trial court did not err in refusing to submit unavoidable accident instruction and explaining "[a] known dangerous condition is to be considered in determining what constitutes ordinary care, but it is no evidence of unavoidable accident" and "[w]e do not have here the case of a sudden and unexpected downpour, or the presence of a slick condition unknown to Acosta. Acosta knew that it had been raining for some time, and he knew that the pavement was slick and slippery."); Harrison v. King, 296 S.W.2d 344, 347 (Tex. App.–San Antonio 1956, writ ref'd n.r.e.) (finding no error in trial court's refusal to submit instruction on unavoidable accident and explaining that "[t]he shoulder was 'damp' at most, but that condition had existed all along the highway since May Harrison left San Antonio, several hours earlier," and "she knew or understood the condition existed and either did or ought to have weighed that matter").

[71] See id.

13

unavoidable accident.[72] Other cases, such as Friday v. Spears,[73] hold that when there is evidence the alleged negligent party "acted as a reasonably prudent person under the circumstances, foreseeability of the road conditions [will] not negate the propriety of the unavoidable accident instruction."[74] In an unpublished opinion in Kirkham v. Westway Express, Inc., the United States Court of Appeals for the Fifth Circuit expressly relied on Friday in affirming a district court's decision to instruct on unavoidable accident in a case involving an accident during a winter storm and poor driving conditions.[75] In this light, the Magistrate Judge considered whether defendants have presented evidence that raises a genuine issue of material fact that Mr. Hamed acted as a reasonably prudent person would have in similar circumstances.

The Magistrate Judge found defendants have presented some evidence from which a reasonable person could find that Mr. Hamed was acting in a reasonably prudent manner under the circumstances at the time of the accident. Accordingly, the Magistrate Judge concluded defendants have raised a genuine issue of material fact about whether the accident was unavoidable. Therefore,

---

[72] See Sherwin-Williams Paint Co., 449 S.W.2d at 322 ("A known dangerous condition is to be considered in determining what constitutes ordinary care, but it is no evidence of unavoidable accident"); Harrison, 296 S.W.2d at 347 ("she knew or understood the condition existed and either did or ought to have weighed that matter").

[73] 975 S.W.2d at 699.

[74] Id. at 702; see also Tanner, 86 S.W.3d at 741 (holding that "jury could have concluded Karnavas took reasonable actions knowing the roads were wet and, despite his care, the wet streets proximately caused the accident"); Otis Elevator, 822 S.W.2d at 63 ("An 'unavoidable accident' is one that ordinary care and diligence could not have prevented, or one which could not have been foreseen or prevented by the exercise of reasonable precautions.") (emphasis in original); Jordan, 448 S.W.2d at 842 (holding evidence reflected that "Mrs. Jordon failed to keep such a lookout as would have been kept by a person of ordinary prudence, under the same or similar circumstances, that she failed to apply her brakes as soon as a person ordinary prudence, in the exercise of ordinary care, would have applied them under the same or similar circumstances and that each of such failure was a proximate cause of the collision in question").

[75] 2000 WL 122522 at * 1 (citing Friday, 975 S.W.2d at 702).

the Magistrate Judge concluded, the McClures' motion for summary judgment on defendants' inferential rebuttal defense of unavoidable accident should be denied.

Plaintiffs object to this recommendation. They reurge their argument it would be improper to instruct on unavoidable accident because it is "undisputed that Mr. Hamed was well aware that it had been raining for several hours, that the roads were wet, that the roads were slick, and that he needed to be more cautious driving on the wet roadway." Hence, they contend, because Mr. Hamed was aware of a known dangerous condition, there is no evidence of an unavoidable accident.

As discussed by the Magistrate Judge, it is undisputed that Mr. Hamed knew of the wet road conditions prior to the accident.[76] Defendants' accident reconstruction expert, Mike Andrews, states in his report that the posted speed on U.S. Highway 281 at the time of the accident was 65 m.p.h.[77] Mr. Andrews opines that the taxicab was moving at approximately 46-47 m.p.h. at the time of impact, almost 20 m.p.h. below the posted speed limit,[78] and "was clearly driving in a manner respectful of the poor road conditions."[79] Mr. Andrews also opines that Mr. Hamed correctly decided not to apply the brakes when he began to lose control of the vehicle.[80] He further opined that:

> Mr. Hamed's decision to downshift the transmission in an attempt to slow the Caravan was correct in that it did not produce any braking on the rear wheels. The effect it had on the front wheels and on vehicle spin can not be determined to any degree of scientific probability. However, the rear wheels had lost traction prior to

---

[76] Docket no. 101 at 5.

[77] Id., exhibit D at 2.

[78] Id. at 3 and 5.

[79] Id. at 5.

[80] Id.

15

the downshift indicating that the downshift may have altered the rate of spin, but it did not cause the spin.[81]

This Court agrees with the Magistrate Judge that defendants have presented some evidence from which a reasonable person could find that Mr. Hamed was acting in a reasonably prudent manner under the circumstances at the time of the accident. Accordingly, defendants have raised a genuine issue of material fact about whether the accident was unavoidable. Plaintiffs' objections are overruled.

B.   Sudden Emergency

The McClures asserted that defendants have no evidence to support the elements of the sudden emergency defense.[82] Specifically, the McClure argued "[t]here was nothing sudden or unexpected about the existence of" rain, wet roads, slick roads, and the need to be more cautious.[83] Relying on the evidence already discussed, defendants argued the evidence shows Mr. "Hamed was acting reasonably when he suddenly and unexpectedly lost control of the cab, and thus, was faced with a sudden emergency not due to any negligence of his own."[84]

In this regard, the Magistrate Judge noted that a "sudden emergency" instruction is proper when the evidence shows: (1) an emergency arose suddenly and unexpectedly; (2) the emergency was not was not proximately caused by any negligence on the defendant's part; (3) the emergency required immediate action without time for deliberation; and (4) after the emergency arose, the defendant acted as a person of ordinary prudence would have acted under the same or similar

---

[81] Id.

[82] Docket no. 92 at 17; docket no. 107 at 5.

[83] Docket no. 92 at 17.

[84] Docket no. 101 at 6.

circumstances.[85] When there is conflicting evidence regarding these elements, the report explains, the instruction, if requested, should be included in the jury charge.[86]

As discussed by the Magistrate Judge, Texas courts have found the sudden emergency instruction was proper in vehicle accident cases involving: a police officer who struck a vehicle suddenly making a U-turn in front of him;[87] a truck driver who encountered traffic at a standstill on the blind side of an overpass;[88] a driver who became ill and lost consciousness;[89] a driver in the left lane who swerved unto the left shoulder and collided with a parked vehicle because the driver believed the parked vehicle, facing oncoming traffic with headlights on, was in actually in his lane of traffic;[90] and a driver who slowed down, pulled onto the shoulder, and hit a water spot causing his pickup truck to hydroplane into another vehicle.[91]

Construing the evidence in a light favorable to defendants, a the Magistrate Judge found a reasonable person could believe that the loss of control of the taxicab was sudden and unexpected and was not proximately caused by Mr. Hamed's negligence, Mr. Hamed did not have time to

---

[85] Dillard, 157 S.W.3d at 432 n. 4 (quoting COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGE, Negligence & Intentional Personal Torts PJC 3.3 (2006)); Thomas v. Oldham, 895 S.W.2d 352, 360 (Tex. 1995); McDonald Transit, Inc. v. Moore, 565 S.W.2d 43, 44-45 (Tex. 1978).

[86] Jordan v. Sava, Inc., 222 S.W.3d 840, 847 (Tex. App.–Houston [1st Dist.] 2007, no pet.); DeLeon v. Pickens, 933 S.W.2d 286, 294 (Tex. App.–Corpus Christi 1996, writ denied); Oldham v. Thomas, 864 S.W.2d 121, 127 (Tex. App.–Houston [14th Dist.] 1993), rev'd on other grounds, 895 S.W.2d 352 (1995).

[87] Oldham, 864 S.W.2d at 127 (finding trial court should have submitted instruction but did not abuse its discretion by failing to do so).

[88] Jordan, 222 S.W.3d at 849; see also Morales v. Dougherty, No. 12-06-00416-CV, 2008 WL 2930245, at * 1-3 (Tex. App.–Tyler Jul. 31, 2008, no pet. h.) (unpublished opinion) ("stopped vehicles were not visible to Dougherty because of a small hill" and it appeared to witness that Dougherty was doing all he could to avoid accident).

[89] Evans v. Allwhite, 111 S.W.3d 282, 286 (Tex. App.–Texarkana 2003, no pet.).

[90] Bounds v. Scurlock Oil Co., 730 S.W.2d 68, 71 (Tex. App.–Corpus Christi 1987, writ ref'd n.r.e.).

[91] Clark v. Cotten, 573 S.W.2d 886, 888 (Tex. App.–Beaumont 1978, writ ref'd n.r.e.).

deliberate his actions, and the actions he took were those a person of ordinary prudence would have taken under the same or similar circumstances. Accordingly, the report concludes that defendants have raised a genuine issue of material that the accident was caused by a sudden emergency. The Magistrate Judge therefore recommends the McClures' motion for summary judgment on the inferential rebuttal defense of sudden emergency be denied.

The McClures object to this recommendation arguing, as they did to the Magistrate Judge, that defendants have no evidence to support a sudden emergency defense. Specifically, plaintiffs argue there can be no sudden emergency because Mr. Hamed was aware of the rain, wet roads, slick roads, and yet he was traveling too fast and should have been more cautious.

As discussed in the report, it is undisputed that Mr. Hamed lost control of his vehicle as he drove north on U.S. Highway 281 in wet road conditions. Defendants have, the Magistrate Judge points out, presented evidence showing Mr. Hamed was driving approximately 20 m.p.h. under the posted speed limit on impact with the pickup truck. Moreover, the evidence also shows Mr. Hamed properly did not attempt to apply his brakes. As set forth in the report, the fact that Mr. Hamed downshifted the transmission was also proper because downshifting did not cause the back wheels to brake. Finally, the Magistrate Judge notes, the effect of downshifting on the front wheels is unknown to a scientific certainty, and the action may have altered the rate of the spin but did not cause the spin.[92]

Construing the evidence in a light favorable to defendants, this Court agrees with the Magistrate Judge that a reasonable person could believe that the loss of control of the taxicab was sudden and unexpected and was not proximately caused by Mr. Hamed's negligence, Mr. Hamed

---

[92] Docket no. 101, exhibit D at 5.

did not have time to deliberate his actions, and the actions he took were those a person of ordinary prudence would have taken under the same or similar circumstances. Accordingly, defendants have raised a genuine issue of material that the accident was caused by a sudden emergency. Plaintiff's objections are overruled.

IT IS THEREFORE ORDERED that the [Third] Report and Recommendation of the United States Magistrate Judge (docket no. 112) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that the McClures' motion for partial summary judgment (docket no. 92) is GRANTED in PART and DENIED in PART. Specifically, it is Ordered that the McClures' motion is:

- GRANTED on defendants' inferential defense claims of new, superseding, and intervening cause and act of God as well as on Mr. Hamed's seventh affirmative defense of inability to comply after the exercise of reasonable diligence, existence of emergency, and risk of compliance greater than risk of harm, and these claims be DISMISSED;

- DENIED on defendants' inferential rebuttal defense claims of unavoidable accident and sudden emergency; and

- DENIED as moot on defendants' defenses of estoppel and Lynne McClure's negligence.

Because this Court has accepted this report (docket no. 112) and the recommendations in the reports (docket nos. 88 & 89) issued on September 25, 2008: (a) all claims against Mr. Hamed remain pending for disposition, (b) the claims against GSTC for vicarious liability under the theories of respondeat superior–employee, respondeat superior–nonemployee, agency, and branded vehicle doctrine remain pending for further disposition; and (c) all defenses raised by defendants remain in the case with the exception of the following defenses: new, superseding and intervening cause; act of God; estoppel; Lynne McClure's negligence; and Mr. Hamed's seventh affirmative defense of

19

inability to comply after the exercise of reasonable diligence, existence of emergency, and risk of compliance greater than risk of harm.

SIGNED this _24th_ day of March, 2009.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE