IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



LYNNE McCLURE, PATRICK )
McCLURE, and SHAWN McCLURE, )
)
    Plaintiffs, )
)
vs. ) CIVIL ACTION NO. SA-08-CA-112-FB
)
GREATER SAN ANTONIO )
TRANSPORTATION COMPANY d/b/a )
Yellow Checker Cab, and )
ABUBAKR HAMED, )
)
    Defendants. )

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER OF OCTOBER 16, 2008

Before the Court are Plaintiffs' Objections to Magistrate Judge's Order on Plaintiffs' Motion to Strike Defendants' Designation of DaimlerChrysler Corporation as a Responsible Third Party (docket no. 105) and defendant Greater San Antonio Transportation Company's response (docket no. 115). The Magistrate Judge entered an Order Denying Plaintiffs' Motion to Strike Defendant's Designation of DaimlerChrysler Corporation as a Responsible Third Party and Supporting Brief (docket no. 105) on October 16, 2005. Plaintiffs appeal from this Order and object to the Magistrate Judge's finding that there is sufficient evidence to support DaimlerChrysler's submission as a responsible third party.

The standard of review for matters decided by a Magistrate Judge and appealed to the District Court is found in rule 72(a) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 72(a). Rule 72(a) provides in part:

> The district judge in the case must consider timely objections and modify or set aside any portion of the order that is clearly erroneous or contrary to law.

Id.; see also W. DIST. LOC. R. app. C, 4(a) (Citing 28 U.S.C. § 636(b)(1)(A) which provides "A judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."). A party has ten days to appeal from an order of a

Magistrate Judge. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within ten days after being served with a copy."); W. DIST. LOC. R. app. C, 4(a) (citing 28 U.S.C. § 636(b)(1)(A) which provides that an appeal from a Magistrate Judge's order shall be made "within 10 days after issuance" of the order from which the appeal is made). In this case, plaintiffs' objections were filed within the ten-day limit for filing a notice of appeal from the October 16, 2008, decision of the Magistrate Judge. The appeal is therefore timely filed. However, after careful consideration, the Court finds the Order from which plaintiff appeals to be neither clearly erroneous nor contrary to law.

In their objections, plaintiffs argue:

> The basis for Defendants' designation of DaimlerChrysler Corporation as a responsible third party rests entirely on the testimony of one retained expert, Charles Benedict, Ph.D., P.E. As Plaintiffs have set forth in their previously filed Objections [Docket no. 100] to the Magistrate Judge's Order [Docket no. 96] on Plaintiffs' Motion to Exclude the Testimony of Charles Benedict, Ph.D., P.E., Defendants' expert is not qualified and has not set forth reliable facts and has not demonstrated reliable scientific methodology to support any biomechanics opinions (a) related to the cause of Plaintiff Lynne McClure's catastrophic brain injury, and more importantly (b) that any alternative design would have prevented Plaintiff Lynne McClure's catastrophic brain injury. . . .

For the reasons set forth in this Court's Order issued this date which affirms the Magistrate Judge's Order (docket no. 96) finding that Dr. Benedict's testimony meets the reliability standards set forth in Daubert and the Federal Rules of Evidence, this Court finds that the Magistrate Judge's Order dated October 16, 2008, is neither clearly erroneous nor contrary to law. Accordingly, the Magistrate Judge's Order Denying Plaintiffs' Motion to Strike Defendants' Designation of DaimlerChrysler Corporation as a Responsible Third Party and Supporting Brief (docket no. 105) is AFFIRMED.

It is so ORDERED.

SIGNED this 24th day of March, 2009.

FRED BIERY
UNITED STATES DISTRICT JUDGE